**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————

**No. 03-4533**

————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SHERMAN COULTER, a/k/a Li'l Man, a/k/a Dred,

Defendant - Appellant.

————————

Appeal from the United States District Court for the District of
South Carolina, at Orangeburg.  Cameron M. Currie, District Judge.
(CR-02-419)

————————

Submitted:  December 18, 2003      Decided:  January 15, 2004

————————

Before LUTTIG, SHEDD, and DUNCAN, Circuit Judges.

————————

Affirmed by unpublished per curiam opinion.

————————

William N. Nettles, Columbia, South Carolina, for Appellant.  Mark
C. Moore, Assistant United States Attorney, Scott Newton Schools,
OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for
Appellee.

————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Sherman Coulter pleaded guilty to robbery, in violation of 18 U.S.C. §§ 2, 1951 (2000), and to causing death during the commission of a robbery, in violation of 18 U.S.C. §§ 2, 924(j)(1) (2000). Coulter was sentenced to 365 months incarceration, 5 years of supervised release, and a $200 special assessment. Coulter's attorney has filed a timely appeal under Anders v. California, 386 U.S. 738 (1967), arguing the district court erred in denying the Government's motion for Coulter to receive a downward departure for substantial assistance under U.S. Sentencing Guidelines Manual § 5K1.1 (1998).

The district court considered the Government's motion but found Coulter's cooperation did not warrant the departure. There are no grounds to conclude the district court was unaware of its authority to grant the departure, and consequently, this issue is not subject to appellate review. United States v. Burgos, 94 F.3d 849, 876 (4th Cir. 1996); United States v. Bailey, 975 F.2d 1028, 1035 (4th Cir. 1992); United States v. Bayerle, 898 F.2d 28, 31 (4th Cir. 1990).

Accordingly, we affirm Coulter's conviction and sentence. In accordance with Anders, we have reviewed the entire record in this case and find no other meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for

further review.  If the client requests such a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED